By the Court, Bronson, J.
The revised statutes provide, that “ no person shall be proceeded against by summons out of *187 the county in which he resides.” (2 R. S. 227, § 13.) The first process is a warrant. (§ 17.) The rule was altered by the non-imprisonment act of 1831, and a short summons was substituted for the warrant. But the provision did not extend to persons residing out of the state. (Stat. of 1831, p. 396, § 1, 2, and p. 403, § 30, 31, 33.) Persons residing in the state, but in a different county from the justice, must be proceeded against by short summons. But the act of 1831 left the revised statutes in full force as to persons residing out of the state; and down to 1840, (Stat. of 1840, p. 120, ch. 165,) they could only be proceeded against by warrant. This suit was brought in 1838, and as the defendant was not a resident of the state, the justice acquired no jurisdiction. In Hoose v. Sherrill, (16 Wend. 33,) it did not appear that the person sued was a non-resident; and besides, that was an attempt to charge the justice as a trespasser, and courts are strongly disposed to protect public officers where they have fallen into honest error. Here, the only question is whether the judgment is erroneous, and about that question there can be no doubt.
It is difficult to tell how a resident of another state can now be sued in a justice’s court. The act of 1830 forbids that he should be sued by summons, and the act of 1840 virtually forbids his being sued by warrant. But it will be time enough to consider that question when it arises. When this suit was brought the defendant might and should have been sued by warrant.
Judgment reversed.